ZHEJIANG NATIVE PRODUCE & ANIMAL BY-PRODUCTS IMPORT & EXPORT CORP., ET AL., Plaintiffs, v. UNITED STATES, Defendant.

Court No. 02–00057

Dated: June 6, 2006

*Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP* (*Adam M. Dambrov, Bruce M. Mitchell,* and *Mark E. Pardo*), for plaintiffs Zhejiang Native Produce & Animal By-Products Import & Export Corp., Kunshan Foreign Trade Co., China (Tushu) Super Food Import & Export Corp., High Hope International Group Jiangsu Foodstuffs Import & Export Corp., National Honey Packers & Dealers Association, Alfred L. Wolff, Inc., C.M. Goettsche & Co., China Products North America, Inc., D.F. International (USA), Inc., Evergreen Coyle Group, Inc., Evergreen Produce, Inc., Pure Sweet Honey Farm, Inc., and Sunland International, Inc.

*Peter D. Keisler*, Assistant Attorney General, Civil Division, United States Department of Justice; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Reginald T. Blades, Jr.*); *Robert LaFrankie*, Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Collier Shannon Scott, PLLC* (*Michael J. Coursey, John M. Herrmann*), for defendant-intervenors American Honey Producers Association and Sioux Honey Association.

## ORDER

EATON, Judge: This matter comes before the court pursuant to the decision of the United States Court of Appeals for the Federal Circuit ("CAFC") in *Zhejiang Native Produce & Animal By-Products Import & Export Corp. v. United States*, 432 F.3d 1363 (Fed. Cir. 2005), and the CAFC mandate of February 21, 2006, reversing and remanding the judgment of this court in *Zhejiang Native Produce & Animal By-Products Import & Export Corp. v. United States*, 28 CIT ____, slip op. 04–109 (Aug. 26, 2004) (not reported in the Federal Supplement).

In its decision, the CAFC held that substantial evidence did not support the finding of critical circumstances by the United States Department of Commerce ("Commerce") based on an imputation of knowledge to plaintiffs that their honey was being sold, or was likely to be sold, in the United States at less than fair value.

Therefore, in accordance with the CAFC's mandate, it is hereby

ORDERED that this matter is remanded to Commerce for further consideration of its critical circumstances finding, provided that in

no event shall Commerce impute to plaintiffs any knowledge prohibited by the CAFC's decision, and it is further

ORDERED that Commerce's remand results are due on September 4, 2006, comments are due on October 4, 2006, and replies to such comments are due on October 16, 2006.